# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUMAN BURNETT and BONNIE BURNETT<br><br>Plaintiffs,<br><br>v.<br><br>CHESAPEAKE APPALACHIA, LLC; CHESAPEAKE ENERGY CORPORATION; NOMAC DRILLING, LLC; GREAT PLAINS OILFIELD RENTAL, LLC; DIAMOND Y ENTERPRISE, INC; and BJ SERVICES COMPANY, USA,<br><br>Defendants, | CIVIL ACTION NO. 3:11-CV-1059<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Plaintiffs Truman and Bonnie Burnett move to remand this suit back to state court. The Burnetts allege defendants' natural gas drilling has contaminated their land and ground water. In their motion, they argue removal was improper because there is not complete diversity between the parties: the Burnetts, Great Plains Oilfield Rental, LLC and Diamond Y Enterprise are all Pennsylvania citizens. Defendants ("Chesapeake") argue in response that Great Plains is not a citizen of Pennsylvania. They also argue the Burnetts joined Diamond Y Enterprise solely to prevent removal. The Court agrees with the first point, but not the second. As a result, the case will be remanded to state court. The motion to compel arbitration (Doc. 2) and to dismiss BJ Services (Doc. 9) will be dismissed as moot.

## BACKGROUND

The Burnetts' complaint alleges the following.

The Burnetts are citizens of Pennsylvania who reside at 968 Beach Road, Grandville

Summit, PA. Chesapeake Appalachia, LLC, a wholly owned subsidiary of Chesapeake Energy Corporation, is headquartered and has its principle place of business in West Virginia. The members of the LLC are unknown. Chesapeake Energy Corporation is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma. Nomac Drilling, LLC is a wholly owned subsidiary of Chesapeake Energy Corporation with its principal place of business in Oklahoma City, Oklahoma. Great Plains Oilfield Rental, LLC is also a wholly owned subsidiary of Chesapeake Energy Corporation but has its principal place of business in Mt. Morris, Pennsylvania. Diamond Y Enterprise is a Pennsylvania corporation and a wholly owned subsidiary of Chesapeake Energy Corporation. BJ Services Company is a Delaware corporation with its principal place of business in Houston, Texas.

This suit related to two natural gas wells Chesapeake has operated since 2009: Wells #2H and #3H on the Van Noy Well Pad site. These wells are within 1,000 feet of the Burnetts residence and water supply. Chesapeake entered into a gas lease with the Burnetts which allowed Chesapeake to drill for gas on and around the Burnetts' property. In order to get them to sign the lease, Chesapeake lied to the Burnetts. They told them damage to the Burnetts' land would be minimal and that clean-up procedures could fully restore it. But Chesapeake's negligence caused toxic materials to be released onto the property and into the water supply.

The Burnetts originally filed their complaint in the Court of Common Pleas of Bradford County, Pennsylvania. Their complaint contained nine causes of actions: the Hazardous Sites Cleanup Act (count I); negligence (count II); negligence per se (count III); private nuisance (count IV); strict liability (count V); trespass (count VI); medical monitoring

trust funds (count VII); breach of contract (count VIII); and fraudulent inducement (count IX). Chesapeake filed a notice of removal pursuant to 28 U.S.C. § 1441(a). Chesapeake claimed the Court had diversity jurisdiction over the suit under 28 U.S.C. § 1332. They argued that even though complete diversity was not apparent from the face of the complaint, Great Plains was not a Pennsylvania citizen and that Diamond Y had been fraudulently joined. The Burnetts then moved to have the case remanded back to state court. The motion has been fully briefed and is ripe for review.

## DISCUSSION

The Court agrees with Chesapeake that the Burnetts and Great Plains are diverse but does not agree that the Burnetts fraudulently joined Diamond Y.

"[T]he citizenship of an LLC is determined by the citizenship of each of its members." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). Chesapeake argues that Great Plains' sole member, Chesapeake Operating, Inc., is an Oklahoma corporation with its principal place of business in Oklahoma. A declaration by Great Plains' President, William R. Stanger, supports this point. Since the Burnetts have not provided any evidence to the contrary, the Court finds that the Burnetts and Great Plains are diverse parties.

28 U.S.C. § 1441(a) provides in pertinent part that: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

The doctrine of fraudulent joinder represents an exception to the requirements of 1441(a). *See In Re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006). Under the doctrine of

3

fraudulent joinder, a defendant may still remove the action if it can establish that any in-state resident or non-diverse defendant were "fraudulently" named or joined solely to defeat federal court jurisdiction. *Id.* If a court determines that the joinder was "fraudulent" in this sense, then the court can "disregard for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.*

By contrast, if the Court determines that it does not have subject-matter jurisdiction because the joinder was not fraudulent, it must remand to state court. 28 U.S.C. § 1447(c). In making this inquiry a court is not limited to the pleadings but can look beyond them to identify any indicia of fraudulent joinder. *In Re Briscoe*, 448 F.3d at 219.

The removing party bears the burden of demonstrating fraudulent joinder: "The removing party carries a heavy burden of persuasion ... for removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir.1992) (internal citations omitted). The Third Circuit has defined the standard for fraudulent joinder as follows:

> Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment. But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.

*In Re Briscoe*, 448 F.3d at 217 (quoting *Batoff*, 977 F.2d at 851-52).

The joinder of a party should be deemed fraudulent only if the claims are "wholly insubstantial and frivolous." *Id.* The Third Circuit has emphasized that proper joinder for

jurisdictional purposes is a lower bar than would be required for a claim to survive a motion to dismiss, *Batoff*, 977 F.2d at 852, or a motion for summary judgment, *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990).

Situations in which a party has been found to be fraudulently joined include those where claims are clearly barred a statute of limitation, *see, e.g., In Re Briscoe, et al.* 448 F.3d at 219, *LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 690-92 (7th Cir.1998); where claims are clearly barred by an automatic stay in bankruptcy, *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir.2009); where the nondiverse defendant can prove definitively that he is not a proper party, *Weaver v. Conrail, Inc* ., No. 09-5592, 2010 U.S. Dist. LEXIS 69553, 2010 WL 2773382 at *27 (E.D. Pa. July 12, 2010) (finding fraudulent joinder where nondiverse defendant Conrail produced three separate forms of proof demonstrating that it did not own the train tracks in question); and where plaintiffs have created shell companies exclusively for litigation purposes, *Bernstein v. Balli Steel, No. 08-62*, 2008 U.S. Dist. LEXIS 25892, 2008 WL 862470 (E.D. Pa. March 31, 2008). In other words, a finding of fraudulent joinder is usually reserved for situations where recovery from the nondiverse defendant is a clear legal impossibility. Fraudulent joinder should not be found simply because plaintiff has a weak case against a non-diverse defendant. *See Boyer*, 913 F.2d at 111.

Given this low standard, the Court finds that the Burnetts allegations against Diamond Y are not frivolous or wholly insubstantial.  At the very least, Diamond Y was involved in the day to day operations at the wells. Chesapeake claims this involvement was minimal, and solely related to the transportation and the moving of equipment.  But resolving this question would involve an intense factual investigation beyond the limited

5

scope of the fraudulent joinder inquiry. Given the allegations and Diamond Y's acknowledged involvement, the Court cannot say that recovery from the company would be a legal impossibility. Therefore, the motion to remand will be granted.

## CONCLUSION

The Court will grant the motion to remand because the Burnetts and Diamond Y are not diverse parties.

An appropriate order follows.


8/31/11                                                            /s/ A. Richard Caputo
Date                                                                A. Richard Caputo
                                                                    United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUMAN BURNETT and BONNIE BURNETT<br><br>Plaintiffs,<br><br>v.<br><br>CHESAPEAKE APPALACHIA, LLC; CHESAPEAKE ENERGY CORPORATION; NOMAC DRILLING, LLC; GREAT PLAINS OILFIELD RENTAL, LLC; DIAMOND Y ENTERPRISE, INC; and BJ SERVICES COMPANY, USA,<br><br>Defendants, | CIVIL ACTION NO. 3:11-CV-1059<br><br>(JUDGE CAPUTO) |

**ORDER**

**NOW**, this ___31st___ day of August, 2011, **IT IS HEREBY ORDERED THAT** Plaintiffs' Motion to Remand (Doc. 7) is **GRANTED**. The motion to compel arbitration (Doc. 2) and the motion to dismiss BJ Services Company (Doc. 9) are now **MOOT**. This case is **REMANDED** to the Court of Common Pleas of Bradford County, Pennsylvania.

                                                     /s/ A. Richard Caputo
                                                     A. Richard Caputo
                                                     United States District Judge